```
UNITED STATES DISTRICT COURT                 (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
CARLO MELINI,                       :        07 Civ. 701 (JCF)
                                    :
            Plaintiff,              :        MEMORANDUM
                                    :        AND  ORDER
       - against -                  :
                                    :
71st LEXINGTON CORPORATION, GARAGE  :
MANAGEMENT CORP., and EAST 71st     :
STREET GARAGE CORP.,                :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is a personal injury action in which the plaintiff, Carlo Melini, seeks damages for injuries he suffered when he fell while walking on a ramp in a parking garage. The parties have filed in limine motions in advance of trial. Defendants Garage Management Corp. ("GMC") and East 71st Street Garage Corp. ("East 71st") move to preclude the plaintiff from offering evidence of a prior accident at the same location and to preclude the testimony of the plaintiff's expert, Scott Silberman. The plaintiff, in turn, moves to preclude the testimony of the defendants' experts, Dr. Ronald Grelsamer and Stanley Fein; the introduction of the building plans of the premises where the accident occurred; and evidence of the absence of prior accidents.

Defendants' Motion

    A. Prior Accident

In 1997, Amy Lewis-Goldstein and Henry B. Goldstein filed suit

1

against defendants East 71st and 71st Lexington Corporation ("71st LC") in connection with a fall sustained by Ms. Lewis-Goldstein on the same ramp at issue in the instant case.  (Summons and Verified Complaint, attached as part of Exh. D to Affirmation of Ian Asch dated June 10, 2009 ("Asch 6/10/09 Aff.")).  East 71st and GMC seek to preclude the plaintiff from introducing evidence of that prior litigation at trial.

"It is well settled that proof of a prior accident, whether offered as proof of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same."  Hyde v. County of Rensselaer, 51 N.Y.2d 927, 929, 434 N.Y.S.2d 984, 985 (1980).  However, what constitutes the "relevant conditions" necessarily depends on the nature of the claim and the purpose for which the evidence is being offered.  As long as the relevant conditions are sufficiently similar, "[d]ifferences in the surrounding circumstances go to the weight to be given the evidence, rather than to its admissibility."  Bellinger v. Deere & Co., 881 F. Supp. 813, 818 (N.D.N.Y. 1995).

It is clear that the circumstances of the Lewis-Goldstein case cannot be offered here as evidence of a dangerous condition. First, the plaintiff does not proffer a verdict or other determination of fault, but only the pleadings from the earlier case.  Those allegations are not in themselves evidence that would

assist the jury here in determining whether the ramp was in fact dangerous.[1]  Second, even if the pleadings had some probative value, the circumstances of that case are not sufficiently similar to constitute proof on the issue of dangerousness. In this action, Mr. Melini attributes his accident exclusively to the allegedly unsafe slope of the ramp.  By contrast, in the Lewis-Goldstein case, the plaintiffs alleged that the victim fell as a result of a variety of factors, including not only the slope of the ramp but also the presence of a slippery substance and the absence of a handrail.  (Amended Verified Bill of Particulars, attached as part of Exh. D to Asch 6/10/09 Aff., ¶¶ 3, 12).  Due to the additional causal factors in that case, it is not a valid comparator for purposes of demonstrating whether the ramp's slope was dangerous by itself.

On the other hand, for purposes of notice, what is important is that the prior litigation brought to the defendants' attention the possibility that the slope of the ramp was unsafe.  The fact that other dangerous conditions were also alleged in the Lewis-Goldstein case does not diminish the value of the evidence on the notice issue.  More significant is the assertion that Ms. Lewis-Goldstein may have fallen on a portion of the ramp where the slope

---

[1] Of course, the plaintiff may be hoping to present evidence to establish the defendants' liability for the Lewis-Goldstein accident, but there is no basis for conducting an entire collateral proceeding within the trial of the instant case. See Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1269 (7th Cir. 1988).

3

was different from where Mr. Melini's accident occurred. However, the precise location where the accidents occurred and the extent to which the slope differed are issues that are subject to proof at trial.[2]

Accordingly, the plaintiff may present evidence of the prior accident, but solely on the issue of notice. In addition, that evidence may be introduced against East 71st and 71st LC, but not against GMC, as GMC was not a party to the earlier suit.

B. Testimony of Scott Silberman

Next, the defendants seek to preclude the testimony of the plaintiff's engineering expert, Scott Silberman, on the basis that his opinion does not meet the standards for admissibility set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). This issue was previously decided against the defendants when they sought to preclude Mr. Silberman's testimony in the context of their motion for summary judgment. See Melini v. 71st Lexington Corp., No. 07 Civ. 701, 2009 WL 413608, at *4-7 (S.D.N.Y. Feb. 13, 2009). There is no occasion to revisit this question.

---

[2] The defendants also argue that there is no evidence that they actually received notice through the prior litigation. This contention is without merit, as a party is chargeable with the knowledge of its attorneys. See Veal v. Geraci, 23 F.3d 722, 725 (2d Cir. 1994); Brody v. Village of Port Chester, No. 00 Civ. 7481, 2007 WL 735022, at *8 n.19 (S.D.N.Y. March 12, 2007). In this instance, counsel for East 71st and 71st LC participated in the prior litigation and were aware of the contents of the court documents.

Plaintiff's Motion

    A. Testimony of Dr. Ronald Grelsamer

The defendants intend to proffer the opinion of Dr. Ronald Grelsamer, an orthopedic surgeon, to the effect that the injury suffered by Mr. Melini -- a ruptured quadriceps tendon -- was attributable to "vascular alteration, preexisting tendonosis, and diabetes," and not to the fall on the ramp. (Expert Witness Disclosure ("Grelsamer Disclosure"), attached as Exh. D to Affirmation of Ian Asch dated June 3, 2009 ("Asch 6/3/09 Aff."), ¶ 4). The plaintiff seeks to preclude such testimony as no more than "subjective belief or unsupported speculation." (Memorandum in Support of the Plaintiff's Motion in Limine ("Pl. Memo.") at 10 (quoting Daubert, 509 U.S. at 590)).

Dr. Grelsamer, however, is not expected to testify only about a "theoretical[] possib[ility]." (Pl. Memo. at 9). Rather, on the basis of reviewing the plaintiff's medical records and conducting a physical examination, Dr. Grelsamer is apparently prepared to testify to the cause of Mr. Melini's injury within a reasonable degree of medical certainty. (Grelsamer Disclosure, ¶¶ 4-5). Indeed, his opinion is apparently consistent with the diagnosis of "non-traumatic rupture of quadriceps tendon" contained in the plaintiff's own hospital records. (Coding Summary and Discharge Summary, attached as Exh. B to Defendants' Memorandum of Law in Opposition to Plaintiff's Motions in Limine ("Def. Memo.")).

5

Conflicting expert opinions with respect to causation are the norm in personal injury cases, see, e.g., American Ref-Fuel Co. of Niagara, LP v. Gensimore Trucking, Inc., No. 02-CV-814C, 2007 WL 2743449, at *4 (W.D.N.Y. Sept. 18, 2007); Russell v. City of Buffalo, 34 A.D.3d 1291, 1293, 825 N.Y.S.2d 857, 859 (4th Dep't 2006), and there is no basis here for excluding Dr. Grelsamer's. The plaintiff's application is therefore denied.

    B. Testimony of Stanley Fein

The defendants intend to elicit testimony from their engineering expert, Stanley Fein, that the ramp in question did not violate the New York City Building Code and that the slope of the ramp did not cause the plaintiff's accident. (Report of Stanley Fein dated Sept. 23, 2008 ("Fein Report"), attached as part of Exh. F to Asch 6/3/09 Aff.). The plaintiff seeks to preclude this testimony for lack of foundation and because Mr. Fein's causation opinion was not previously disclosed. (Pl. Memo. at 11-13).

While Mr. Fein's expert report does not describe in detail the basis for his opinion concerning the ramp's compliance with the Building Code, he clarified this during his deposition. According to Mr. Fein, the Building Code simply does not apply to the type of ramp at issue. (Deposition of Stanley Fein, attached as Exh. G to Asch 6/3/09 Aff., at 35, 40-41, 73-78, 87-88). Thus, he has provided a basis for his opinion, and whether that opinion is right or wrong should be tested on cross-examination. See Daubert, 509

U.S. at 596; Amorgianos v. National Rail Road Passenger Corp., 303 F.3d 256, 267 (2d Cir. 2002).

Mr. Fein is also entitled to testify concerning his opinion of the cause (or lack of cause) for the accident. First, in his report he did render an opinion on this subject: he stated that "the alleged accident and injuries sustained by the claimant was [sic] not caused by the negligence of the owner/management of the premises," and this conclusion followed immediately after his finding that "[t]he ramp had a proper slope for entrance into a below level garage[.]" (Fein Report at 2). Second, he supported his conclusion by explaining out that even a ramp with a severe slope would not be hazardous if not slippery. (Fein Dep. at 2). Then using measurement of the coefficients of friction, Mr. Fein found that this ramp was not slippery, but had "excellent traction." (Fein Report at 2). Again, this expert testimony has a sufficient foundation to warrant its admission at trial.

C. Building Plans

Next, the plaintiff seeks to preclude the defendants from introducing the complete building plans at trial because these plans were not produced during discovery. However, the defendants have represented that they did not have the plans in their possession, custody, or control during the discovery period. (Affirmation of Thomas Sofield dated June 10, 2009, ¶ 13). Instead, they apparently intend to obtain them from the New York

City Department of Buildings in order to offer them at trial. Since the plaintiff has always had the same access to these publicly available records, there is no basis for precluding them.

D. <u>Absence of Prior Accidents</u>

Finally, the defendants seek to introduce evidence that "thousands of pedestrians used the ramp without incident" during the period that GMC and East 71st were responsible for the garage. (Joint Pretrial Order, ¶ IV(C)(11)).  The plaintiff argues that "this specific claim should be precluded because there is no proof of how many pedestrians used the ramp prior to the subject accident and there is no evidence that this occurred without incident[.]" (Pl. Memo. at 14).  He also contends that the evidence should be ruled inadmissible under Rule 403 of the Rules of Evidence because it would divert the jury from what the plaintiff characterizes as the central issue in the case: whether the slope of the ramp violated the Building Code.  (Pl. Memo. at 14-15).

Evidence of the absence of prior accidents is generally admissible on the issues of notice and forseeablity. <u>See</u> <u>McDonough v. Celebrity Cruises, Inc.</u>, 64 F. Supp. 2d 259, 265 (S.D.N.Y. 1999); <u>Orlick v. Granit Hotel and Country Club</u>, 30 N.Y.2d 246, 248-50, 331 N.Y.S.2d 651, 653-54 (1972).  Here, the inference that the defendants wish to draw is supported by the testimony of Paul Fuller, a garage attendant at the premises for twenty years who represents that he never witnessed anyone fall on the ramp nor was

8

he ever made aware of such an incident. (Deposition of Paul Fuller, attached as Exh. E to Def. Memo., at 7-8, 14-15). Of course, the absence of prior accidents is only one factor in determining the defendants' liability, see Orlick, 30 N.Y.2d at 250, 331 N.Y.S.2d at 654, and the plaintiff will have the opportunity to challenge the basis for Mr. Fuller's knowledge and the accuracy of his testimony.

The plaintiff is certainly correct that whether the ramp violated the Building Code is a key issue in this case. However, unless the plaintiff can demonstrate that the Code provisions in question were approved or adopted by the state legislature, the violation of them would not be negligence per se, but only some evidence of negligence. See Miller v. Astucci U.S. Ltd., No. 04 Civ. 2201, 2007 WL 102092, at *5 (S.D.N.Y. Jan. 16, 2007); Travelers Indemnity Co. of Illinois v. East 70th Street Construction Co., 296 F. Supp. 2d 476, 487 (S.D.N.Y. 2003); Elliott v. City of New York, 95 N.Y.2d 730, 733-36, 724 N.Y.S.2d 397, 398-400 (2001). And, of course, the plaintiff would still have to prove that the ramp in fact violates the Code. Therefore, the evidence of the absence of prior accidents, proffered by the defendants to negate any claim of negligence, is highly relevant notwithstanding the allegation of a Code violation. Accordingly, it will not be precluded.

## Conclusion

For the reasons set forth above, (1) evidence of the accident suffered by Ms. Lewis-Goldstein shall be admissible against East 71st and 71st LC only for purposes of demonstrating notice but not for purposes of proving a dangerous condition, nor shall it be admissible against GMC for any purpose; (2) the testimony of Scott Silberman, of Dr. Ronald Grelsamer, and of Stanley Fein shall be allowed; (3) the building plans may be introduced; and (4) evidence concerning the absence of prior accidents may be proffered.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 1, 2009

Copies mailed this date:

Joshua N. Stein, Esq.
Ian H. Asch, Esq.
Greenberg & Stein, P.C.
275 Madison Avenue, Suite 1100
New York, New York  10016

Steven Z. Rosenzweig, Esq.
Margaret Klein & Associates
200 Madison Avenue
New York, New York  10016

Thomas R. Sofield, Esq.
Crafa & Sofield, P.C.
100 N. Centre Avenue - Suite 302
Rockville Centre, New York 11570

10

Braden H. Farber, Esq.
Farber Brocks & Zane, LLP
51 Charles Street, 2nd Floor
Mineola, New York 11501